**Donald H. RUMSFELD, Secretary of Defense, Appellant,**

v.

**FREEDOM NY, INC., Appellee.**

**Freedom NY, Inc., Appellant,**

v.

**Donald H. Rumsfeld, Secretary of Defense, Appellee.**

**Nos. 02–1105, 02–1130.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 10, 2003.

Gilbert J. Ginsburg, of Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for Freedom NY, Inc. Of counsel on the petition were Neil H. Ruttenberg, of Beltsville, MD; and Shlomo D. Katz, Epstein Becker & Green, P.C., of Washington, DC.

William K. Olivier, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, filed a response to the petition for the Secretary of Defense. With him on the response was Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director.

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Freedom NY, Inc. ("Freedom") petitions for panel rehearing and rehearing *en banc*. We reaffirm our earlier decision affirming in part, reversing in part, and remanding to the Armed Services Board of Contract Appeals ("Board").

Freedom asserts that rehearing is warranted because we should have ruled that a letter from Freedom to the Defense Logistics Agency ("DLA") was incorporated into Modification 25. Freedom argues that the Board found as a matter of fact that the letter was attached to Modification 25:

> On 29 May 1986, Henry Thomas and consultant Francois met with PCO Bankoff. Mr. Thomas had a 28 May 1986 letter to DLA's R. Chiesa (ex. G–40), conforming in substance to the 2 May 1986 version, *attached to proposed Modification No. P00025* (P00025). Mr. Bankoff saw the 28 May date of that letter, and provided an essentially identical FNY 13 May 1986 letter to Mr. Chiesa, *which Mr. Thomas attached to Modification No. P00025.*

*Freedom NY, Inc.,* ASBCA No. 43965, 01–2 B.C.A. (CCH) ¶ 31,585, at 156,055–56,

2001 WL 1143312 (2001) (emphases added). Freedom also relies on the following finding of fact by the Board: "Considering the documents in evidence and [the government's witness's] demeanor, persistently selective recall of facts and evasive, argumentative, and ambiguous testimony, we attach no probative weight to [the witness's] denial of the 'side agreement' *attached to P00025.*" *Id.* at 156,056 (emphasis added).

■ As an initial matter, we note that Freedom has waived this argument. Freedom admits that "the parties' original briefs did not fully consider or address the issues raised in Freedom's Petition." "[A]n issue not raised by an appellant in its opening brief ... is waived." *Pandrol USA, LP v. Airboss Ry. Prods.,* 320 F.3d 1354, 1366 n. 3 (Fed.Cir.2003) (quoting *Becton Dickinson & Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 800 (Fed.Cir.1990)) (alterations in original).

■ Even if the argument had not been waived, Freedom would not prevail on the merits. The parties signed Modification 25 on May 29, 1986. At that meeting, the Board found simply that Mr. Thomas, the president of Freedom, had attached the May 13 and May 28 letters (which were substantially identical) describing an alleged side agreement to his copies of Modification 25. One party to a contract cannot bind the other simply by attaching a document to a copy of the contract, even if that particular copy is signed. *Restatement (Second) of Contracts* § 132 cmt. c (1981) ("It is sufficient that ... *the party to be charged* physically attaches one document to the other ...." (emphasis added)); *id.* § 132 cmt. c, illus. 4 ("[T]he fastening [of two sheets by A] is a sufficient adoption of A's signature with reference to both sheets *to charge A,* but

only if the evidence of the fastening is clear and convincing." (emphasis added)). Rather, the documents must clearly indicate that the parties intended that they be considered together as a single contract. *Id.* § 132 ("The memorandum may consist of several writings if one of the writings is signed and *the writings in the circumstances clearly indicate that they relate to the same transaction.*" (emphasis added)). In sharp contrast to this requirement, the May 13 and May 28 letters expressly state that they are *not* part of Modification 25:

> During those settlement negotiations between Freedom's representatives and DLA, significant matters were discussed relating to Freedom's participation in the MRE Assembly Program. It was agreed that the understandings reached on those matters were not appropriate for inclusion in the Mod[ification] but were more appropriately to be addressed in a separate letter.

In addition, Modification 25 itself contains an integration clause. Therefore, Modification 25 in this case cannot be read to make the letters a part of the contract. Freedom's other contentions also are without merit.

Accordingly, Freedom's petition for panel rehearing is *denied.*

## COSTS

No costs.